UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| MARK J. WALLACE, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>DOCTOR'S ASSOCIATES, INC., a Florida Corporation,<br><br>Defendant. | Case No. 1:17-cv-07307 |

NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332(a), 1441 and 1446, Defendant Doctor's Associate's Inc. ("DAI") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division, to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, DAI respectfully states as follows:

**I.      THE STATE COURT ACTION.**

1. On September 1, 2017, Plaintiff Mark J. Wallace initiated this civil class action lawsuit against DAI in the Circuit Court of Cook County, Illinois, captioned *Wallace. v. Doctor's Associates, Inc.*, No. 2017 CH 11997 (the "State Court Action"). A copy of the complaint filed in the State Court Action is attached hereto as Exhibit 1.

2. DAI was served with a copy of the Summons and Complaint in the State Court Action on September 13, 2017. A copy of Plaintiff's summons and proof of service is attached hereto as Exhibit 2.

3. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

4. By his Complaint, Plaintiff contends that DAI charges a 3% tax on orange juice in violation of the Chicago Soft Drink Tax, Ord. 3-45-040. (*See* Ex. 1, Compl. ¶¶ 16-27.) More specifically, Plaintiff contends that he purchased a Simply Orange 100% orange juice beverage from "various Subway retail stores located in Chicago, Illinois," at a price of $1.80 before tax. (*Id.* ¶¶ 20, 21.) Plaintiff further contends that he was charged and paid a $.05 soft drink tax on these purchases. (*Id.* ¶¶ 23, 24.) Because Plaintiff allegedly was charged and paid a $.05 tax on his orange juice, he brings this putative class action pursuant to the Illinois Consumer Fraud and Deceptive Trade Practices Act, seeking to represent all persons who purchased unsweetened beverages at Subway stores in Chicago and paid a 3% tax. (*See generally* Ex. 1., Compl.)

5. Plaintiff seeks, on behalf of himself and a putative class, (i) "an injunction requiring Defendant to change the Subway stores' [point-of-sale] systems to properly assess the soft drink tax," (ii) actual damages, and (iii) attorneys' fees and costs. (*See id.* at 8.)

## II. THIS COURT HAS SUBJECT MATTER JURISDICTION FURTHER TO 28 U.S.C. § 1332(a).

6. Under the federal removal statute, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

7. Here, removal is proper because this Court has diversity jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1332(a)(1). *See Avila v. CitiMortgage, Inc.*, 801 F.3d 777, 781 n.3 (7th Cir. 2015) (recognizing that the district court had jurisdiction over a class plaintiff's claims under both § 1332(a) and § 1332(d)).

2

8.      28 U.S.C. § 1332(a) grants district courts original jurisdiction over "civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1).

9.      Here, removal is proper because this Court has diversity jurisdiction over Plaintiff's claims as both the diversity and amount-in-controversy requirements of 28 U.S.C. § 1332(a)(1) are satisfied.

10.     Plaintiff Mark J. Wallace is a citizen of Illinois.

11.     DAI, as noted in the Complaint, is a corporation existing "under the laws of Florida with its principal place of business located in Milford, Connecticut." (*Id.* at ¶ 6; *see also* Declaration of Steven J. Lawrence ("Lawrence Decl.") ¶ 2, attached hereto as Exhibit 3.)

12.     Because Plaintiff is a citizen of a different state than DAI, the parties satisfy the diversity requirement of 28 U.S.C. § 1332(a)(1).

13.     In determining whether the jurisdictional threshold amount of $75,000 is satisfied, the district court considers the totality of the relief sought, which "includes monetary damages, attorney's fees, and 'the cost a defendant incurs in complying with injunctive relief.'" *The Home Depot, Inc. v. Ricker*, No. 06-8006, 2006 WL 1727749, at *1 (7th Cir. May 22, 2006) (quoting *Tropp v. Western-Southern Life Ins. Co.*, 381 F.3d 591, 595 (7th Cir. 2004)).

14.     As noted above, Plaintiff seeks, on behalf of himself and the putative class, (i) "an injunction requiring Defendant to change the Subway stores' [point-of-sale] systems to properly assess the soft drink tax," (ii) actual damages, and (iii) attorneys' fees and costs. (*See* Ex. 1 at 9.)

15.     The amount at issue for injunctive relief is equal to the cost required for the defendant to comply with the requested injunction. *See, e.g.*, *Synfuel Tech., Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 652 (7th Cir. 2006) (recognizing that the Seventh Circuit considers the

amount-in-controversy "from either party's perspective" and includes the cost of complying with the requested injunction). Relevant here, courts consider whether a defendant can alter the challenged conduct for an individual customer or if it must perform systemic changes for all customers. *See id.* ("The key jurisdictional issue in this case…is whether [defendant] could alter the . . . practice for an individual customer . . . or if it could comply with the proposed injunction only by undertaking a systemic change of its weighing and billing procedures, a change that would cost the same whether it was made for just one customer or every customer served by the company.").

16. The tax at issue is assessed at the point of sale. (*See* Lawrence Decl. ¶ 6.) While Plaintiff himself purchased bottled orange juice, the class he seeks to represent is defined to include all purchasers of ***any*** unsweetened beverage at a Chicago Subway store. (*See* Ex. 1, Compl. ¶ 29.)

17. Notably, DAI *does not* control its franchisees' point-of-sale systems or their compliance with local taxes. The injunction sought, however, would nonetheless be imposed on DAI and would require significant expense and undertaking. (*See* Lawrence Decl. ¶ 5.)

18. In order to implement Plaintiff's sought injunctive relief—and because each Subway franchisee is responsible for both programming its point-of-sale systems and complying with all applicable tax laws—DAI would have to provide significant programming and training guidance to franchisees at each of the more-than-200 Subway locations in Chicago such that they can modify their respective point-of-sale systems and understand the details of the tax, and train their employees to ensure consumers are properly charged. (*See id.* ¶ 8.)

19. As detailed in the accompanying Lawrence Declaration, this would cost DAI more than $100,000 to implement. (*See id.* ¶ 9.)

20. Thus, the cost of compliance for Plaintiff's requested injunctive relief exceeds the $75,000 jurisdictional minimum for diversity cases pursuant to 28 U.S.C. § 1332(a). Finally, Plaintiff is seeking attorneys' fees further to ICFA, which further evidences that over $75,000 is at issue.

21. Accordingly, both the diversity and amount in controversy prongs are satisfied and removal is therefore proper under 28 U.S.C. § 1441.

### III. ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.

22. DAI was served on September 13, 2017. (*See* Ex. 2.) This Notice of Removal has thus been filed within thirty days of receipt of the summons and complaint by DAI, and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

23. A copy of the Notice of Filing and Notice of Removal will be timely filed with the Clerk of the Circuit Court of Cook County, Illinois, and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

24. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders received by DAI in the State Court Action (other than the summons and complaint) are attached hereto as Exhibit 4.

25. Venue is proper in this Court under 28 U.S.C. § 1446(a) because it is the district court of the United States for the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 93(a)(1).

26. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(a) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, Doctor's Associates, Inc. hereby removes this civil action to this Court.

Dated: October 10, 2017

DOCTOR'S ASSOCIATES, INC.

By: /s/ David S. Almeida

David S. Almeida
dalmeida@beneschlaw.com
Courtney C. Booth
cbooth@beneschlaw.com
Mark S. Eisen
meisen@beneschlaw.com
**BENESCH, FRIEDLANDER,
COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

*Attorneys for Doctor's Associates, Inc.*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing was filed with the Clerk of the Court and that copies of the foregoing were sent by first-class U.S. mail, postage prepaid, on October 10, 2017, addressed to the following parties:

Thomas A. Zimmerman, Jr.
Sharon A. Harris
Matthew C. De Re
Nikolas J. Hagman
Maebetty Kirby
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602

Attorneys for Plaintiff Mark J. Wallace

                                                                      /s/ David S. Almeida