# EXHIBIT 1

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT – CHANCERY DIVISION

MARK J. WALLACE, individually, and )
on behalf of all others similarly situated, )
                                       )
                       Plaintiff, )     Case No.    2017CH11997
                                         )                            CALENDAR/ROOM 11
           v.                             )                            TIME 00:00
                                         )                            Class Action
DOCTOR'S ASSOCIATES, INC., a )
Florida corporation, )
                                         )     Jury Trial Demanded
                     Defendant. )

## CLASS ACTION COMPLAINT

NOW COMES Plaintiff MARK J. WALLACE ("Plaintiff"), individually, and on behalf of

all others similarly situated, by and through counsel at ZIMMERMAN LAW OFFICES, P.C., and

complains of Defendant DOCTOR'S ASSOCIATES, INC. ("Defendant"), a Florida corporation, as

follows:

### Nature of the Case

1.      This is a class action brought on behalf of the class of persons defined herein (the

"Class"), who were improperly charged the Chicago Soft Drink Tax Ordinance's ("Ordinance") soft

drink tax by Subway retail locations on their retail purchases of unsweetened beverages in Chicago,

Illinois.

2.      The Ordinance imposes a 3% tax on the retail sale of all sweetened soft drinks in

Chicago, Illinois.  Ord. 3-45-040.

3.      Notwithstanding the requirements in the Ordinance, Defendant charged Plaintiff the

soft drink tax on his purchases of unsweetened, 100% fruit juice, resulting in an unlawful tax

charge. On information and belief, under the direction of Defendant, Subway retail locations are

automatically and uniformly charging the soft drink tax on purchases regardless of whether the consumer is purchasing a soft drink (as defined in the Ordinance).

4. Defendant's acts and omissions alleged herein violate the Illinois Consumer Fraud and Deceptive Trade Practices Act.

## The Parties

5. Plaintiff Mark J. Wallace ("Plaintiff") is a natural person residing in Illinois. Plaintiff purchased Simply Orange 100% orange juice (an unsweetened, 100% natural fruit juice beverage) at various Subway stores located in Chicago, Illinois.

6. Defendant Doctor's Associates, Inc. is a corporation organized under the laws of Florida with its principal place of business located in Milford, Connecticut. Defendant is the franchisor for all Subway retail stores.

## Jurisdiction and Venue

7. Jurisdiction over Defendant is proper under 735 ILCS 5/2-209(a)(1) (transaction of any business within this State), section 2-209(a)(7) (the making or performance of any contract or promise substantially connected with this State), section 2-209(b)(4) (corporation doing business within this State), and section 2-209(c) (any other basis now or hereafter permitted by the Illinois Constitution and the Constitution of the United States). 735 ILCS 5/2-209(a)(1), (a)(7), (b)(4), and (c).

8. Venue is proper in this County, pursuant to 735 ILCS 5/2-101, because this is the County where the complained-of transactions occurred. Defendant is doing business in this County. 735 ILCS 5/2-102(a).

### Chicago Soft Drink Tax Ordinance

9.      The Ordinance imposes a tax on all persons who sell soft drinks (other than fountain soft drinks) at retail in Chicago, Illinois.  The rate of tax is 3% of the gross receipts from the sales of soft drinks (other than fountain soft drinks). Ord. 3-45-040.

10.      The Ordinance defines "soft drink" as that term is set forth in Section 2-10 of the Illinois Retailers' Occupation Tax Act ("Act"), though it is not limited to drinks in closed or sealed containers. Ord. 3-45-020(E). Under the Act, "'soft drinks' means non-alcoholic beverages that contain natural or artificial sweeteners.  'Soft drinks' do not include beverages that contain milk or milk products, soy, rice or similar milk substitutes, or greater than 50% of vegetable or fruit juice by volume." 35 ILCS 120/2-10.

11.      The soft drink tax in the Ordinance only applies to non-alcoholic beverages that contain natural or artificial sweeteners. Ord. 3-45-020(E); 35 ILCS 120/2-10. As defined, soft drinks *do not include* beverages consisting of 100% natural fruit or vegetable juice. *Id.*

12.      Plaintiff's purchases of Simply Orange 100% orange juice from Subway retail stores in Chicago, Illinois are not "soft drinks" under the Ordinance.

### Defendant's Implementation of the Chicago Soft Drink Tax Ordinance

13.      As the franchisor of all Subway retail stores, Defendant controls the retail payment systems of all Subway retail stores in Chicago, Illinois.

14.      On information and belief, Defendant's franchise agreement requires all Subway retail stores to use a point-of-sale system ("Subway POS System") in connection with the franchisee's operation of the store in accordance with Defendant's requirements.

15.      In addition to sodas and other sweetened beverages, Subway sells 100% fruit juices. The 100% fruit juices do not contain any natural or artificial sweeteners.  The 100% fruit juices are

3

packaged separately and can be purchased separately from Defendant's other, sweetened beverage options.

16.     Because the 100% fruit juices do not contain any natural or artificial sweeteners, they are excluded from the soft drink tax under the Ordinance. *See* Ord. 3-45-020(E); 35 ILCS 120/2-10 (definition of "soft drink").

17.     On information and belief, the Subway POS System automatically adds a soft drink tax to retail purchases of beverages regardless of whether a soft drink or non-soft drink beverage is being purchased from Defendant's retail stores.

18.     Because the Subway point-of-sale machines are programmed by Defendant to charge specific prices for its products, the soft drink tax is improperly and uniformly charged to, and paid by, consumers who purchase the 100% fruit juice beverages from Subway retail stores in Chicago, Illinois.

19.     On information and belief, the Subway retail stores cannot automatically re-program their point-of-sale systems to correct the improper taxation, as the software is programmed and updated by Defendant, and all taxation calculations are uniform for the purchasable beverages from Defendant's retail stores in Chicago, Illinois.

**Facts Related to Plaintiff**

20.     On multiple occasions in August, 2017, Plaintiff purchased Simply Orange 100% orange juice from various Subway retail stores located in Chicago, Illinois. The beverages did not contain any natural sweeteners or artificial sweeteners, as they consist of 100% natural fruit juice. As such, Plaintiff's fruit juice purchases do not qualify as soft drinks under the Ordinance. *See* Ord. 3-45-020(E); 35 ILCS 120/2-10.

21.     The purchase price of Plaintiff's fruit juices before tax was $1.80.

4

22.     The Subway retail stores charged Plaintiff a $0.05 soft drink tax on his 100% fruit juice purchases.

23.     Plaintiff paid the $0.05 soft drink tax as a condition of the sale and receipt of Defendant's fruit juice products.

24.     The point-of-sale software in Subway's retail stores is controlled and/or programmed by Defendant or at Defendant's direction, and the soft drink tax is automatically applied by that uniform system to the bottled beverages in Subway retail stores in Chicago, Illinois.

25.     As such, Plaintiff and Class members were damaged by being improperly charged the soft drink tax on beverages that are exempt from the tax.

26.     Plaintiff enjoys 100% fruit juices, and intends to patronize Defendant's retail locations in Chicago, Illinois in the future.  However, Plaintiff is unable to purchase 100% fruit juices from Subway retail stores without being required to pay an unlawful soft drink tax.

27.     Accordingly, Plaintiff seeks injunctive relief to ensure that Defendant updates its Subway stores' POS systems to properly assess the soft drink tax.

<u>**Class Action Allegations**</u>

28.     This action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801 *et seq.,* as set forth below.

29.     *Class Definition.* Plaintiff brings this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiff is a member:

> All persons who purchased an unsweetened beverage from a Subway store in Chicago, Illinois, and were charged and paid a 3% Chicago soft drink tax.

Excluded from the Class are: (1) Defendant, Defendant's agents, subsidiaries, parents, successors, predecessors, and any entity in which Defendant or its parents have a controlling interest, and those entities' current and former employees, officers, and directors; (2) the Judge to whom this case is assigned and the Judge's immediate family; (3) any person who executes and files a timely request for exclusion from the Class; (4) any persons who have had their claims in this matter finally adjudicated and/or otherwise released; and (5) the legal representatives, successors

5

and assigns of any such excluded person. Plaintiff hereby reserves the right to amend the above class definition based on discovery and the proofs at trial.

30. *Numerosity.* The Class is so numerous that joinder of all members is impracticable. Plaintiffs believe that there are many thousands of people in the Class. This is based on the fact that there are one hundred fourteen (114) Subway retail stores in Chicago, Illinois,[1] and, on information and belief, Subway stores in Chicago sell hundreds of unsweetened beverages each day. The exact number and identity of Class members is unknown to Plaintiff at this time and can be ascertained from Defendant's books and records or by other means.

31. *Commonality.* There are questions of fact or law common to the Class, which common questions predominate over any questions affecting only individual members including, *inter alia*, the following:

    a.    whether Defendant's acts and omissions alleged herein constitute a violation of Chapter 2 of the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1, *et seq.*;

    b.    whether Defendant misrepresented that a soft drink tax was owed on an unsweetened beverage purchased from a Subway store in Chicago, Illinois;

    c.    whether Plaintiff and the members of the Class have sustained damages and, if so, what is the proper measure of their damages; and

    d.    whether Plaintiff and the members of the Class are entitled to the relief sought, including attorney's fees.

32. *Adequacy.* The representative Plaintiff will fairly and adequately protect the interest of the Class. Plaintiff has retained the undersigned class counsel, who are competent and experienced in the prosecution of complex and class action litigation. The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class.

---

[1] *See Subway Locations in Chicago, Illinois*, CITY-DATA, http://www.city-data.com/locations/Subway/Chicago-Illinois-10.html.

33.     *Appropriateness.*  A class action is an appropriate method for the fair and efficient adjudication of this controversy.  The common questions of law and fact enumerated above predominate over questions affecting only individual members of the Class.  Also, the likelihood that individual members of the Class will prosecute separate actions is remote due to the extensive time and considerable expense necessary to conduct such litigation, especially in view of the relatively modest amount of monetary relief at issue for individual Class members.

## COUNT I
### (Violation of the Illinois Consumer Fraud and Deceptive Trade Practices Act)

34.     Plaintiff repeats and realleges the allegations of Paragraphs 1 through 33 with the same force and effect as though fully set forth herein.

35.     At all times relevant hereto, there was in full force and effect the Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/1 *et seq.* ("ICFA").

36.     Chapter 2 of the ICFA prohibits unfair or deceptive acts or practices used or employed in the conduct of any trade or commerce.  See, 815 ILCS 505/2.

37.     Defendant's practice of charging Plaintiff and the Class a soft drink tax on the purchase of unsweetened beverages, as alleged in detail *supra*, is an unfair and deceptive act or practice prohibited by Chapter 2 of the ICFA.  See, 815 ILCS 505/2.

38.     Defendant's conduct described herein created a likelihood of confusion or misunderstanding for Plaintiff and the Class by misrepresenting the amount of tax owed on the purchase of unsweetened beverages as described herein, and therefore constitutes a deceptive act or practice under the ICFA.

39.     Defendant's conduct described herein also constitutes a deceptive act or practice under the ICFA because it offends public policy; it is immoral, unethical, oppressive, and unscrupulous; and it causes substantial injury to consumers.



40.     Defendant intended to deceive Plaintiff and the Class, and intended to be unfair to Plaintiff and the Class, by unlawfully charging a soft drink tax on unsweetened beverages, as described herein.

41.     Defendant intended that Plaintiff and the Class rely on (a) Defendant's misrepresentation that a soft drink tax was owed when purchasing an unsweetened beverage, and (b) Defendant's failing to disclose or notify Plaintiff and the Class that no such tax was due on the unsweetened beverage.

42.     Plaintiff and the Class relied on the misrepresentations and omissions to their detriment by paying the soft drink tax on an unsweetened beverage.

43.     The above-described deceptive and unfair acts and practices were used or employed in the conduct of trade or commerce—namely, the sale of goods to Plaintiff and the Class.

44.     As a direct and proximate result of the foregoing, Plaintiff and the Class have been damaged in an amount to be determined at trial.

WHEREFORE, Plaintiff prays for an Order as follows:

A.      Finding that this action satisfies the prerequisites for maintenance as a class action set forth in 735 ILCS 5/2-801, *et seq.*, and certifying the Class defined herein;

B.      Designating Plaintiff as representative of the Class and his undersigned counsel as Class Counsel;

C.      Entering judgment in favor of Plaintiff and the Class, and against Defendant;

D.      Enter an injunction requiring Defendant to change the Subway stores' POS systems to properly assess the soft drink tax;

E.      Awarding Plaintiff and Class members their actual damages, attorney's fees and costs, including interest thereon, as allowed or required by law; and

F.      Granting all such further and other relief as the Court deems just and appropriate.

## **JURY DEMAND**

Plaintiff demands a trial by jury on all counts so triable.

Plaintiff MARK J. WALLACE, individually, and on behalf of all others similarly situated,

By:

Thomas A. Zimmerman, Jr.
*tom@attorneyzim.com*
Sharon A. Harris
*sharon@attorneyzim.com*
Matthew C. De Re
*matt@attorneyzim.com*
Nickolas J. Hagman
*nick@attorneyzim.com*
Maebetty Kirby
*maebetty@attorneyzim.com*
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220
Chicago, Illinois 60602
(312) 440-0020
Firm I.D. No. 34418
www.attorneyzim.com

Counsel for Plaintiff and the putative Class

9